IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                Plaintiff,

    v.

DR. FRISCH, DR. HUENKE
and DR. NORGE,

                Defendants.

ORDER

16–cv-684-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                Plaintiff,

    v.

DR. SYED, D. VALERIOUS, RN,
NEWBURY RN, HSU Manager GOLDE RN,
KATHALEN RN, HSU Manager K. DEYOUN NC4,
T. ANDERSON, WALTERS RN, MTLORAE and
C. WARNER RN,

                Defendants.

ORDER

16-cv-694-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Donta Jenkins is proceeding in these two cases on various claims related to alleged failures to provide him medical and mental health care, in violation of the Eighth Amendment and state law. Now plaintiff has filed his second motion for assistance in recruiting counsel in both cases. For the reasons explained below, I am denying both motions.

As the court explained to plaintiff when denying his earlier motions for assistance in recruiting counsel, a pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them.  28 U.S.C. § 1915(e)(1).  A party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010).  First, he must show that he is unable to afford to hire his own lawyer.  Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him.  Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).  Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).  The question is not simply whether a lawyer might do a better job.

Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, he has met the first requirement.  As to the requirement to make reasonable efforts to find a lawyer, this court generally requires the plaintiff to provide letters from at least three lawyers who denied plaintiff's request for representation.  Alternatively, if the lawyers the plaintiff writes do not respond after 30 days, the plaintiff may explain the efforts he took to obtain a lawyer in a declaration sworn under penalty of perjury, along with a copy of the letter that he sent the lawyers and the date he sent it.

Although the court explained these instructions to plaintiff when denying his first request for counsel, plaintiff has not followed them.  He submitted a declaration in which he lists four lawyers who he says he has "contacted," but he provided only one rejection letter and he does not otherwise explain how the other lawyers responded.  He did not

provide a copy of the letter he sent or the date he sent it.

Even if plaintiff had made reasonable efforts to recruit counsel, I would deny his motion as premature. The court explained this to plaintiff when denying his earlier motion as well. The merits of plaintiff's claims may involve complicated legal and factual questions, but there is a simpler threshold issue. In particular, because plaintiff is a prisoner, he is required to exhaust his administrative remedies before filing a lawsuit about his treatment in prison. 42 U.S.C. § 1997e(a). Although plaintiff does not have to show in his complaint that he complied with § 1997e(a), defendants may move to dismiss his claims at a later date if he failed to use the prison grievance process before filing this case. For this reason, it is this court's general policy to defer decisions about appointing counsel until after any questions about exhaustion of administrative remedies are resolved. Because defendants have the burden to show that plaintiff did not properly complete the exhaustion process and issues about exhaustion generally are simpler than the merits and require little discovery, counsel often is not needed for that issue.

In this case, plaintiff has made no showing that he is unable to litigate the relatively simple issue of exhaustion. Plaintiff's complaints in both cases were relatively clear and easy to follow. His filings in general show that he has a basic understanding of the laws and procedures relevant to his claim.

Accordingly, I am denying plaintiff's motion for assistance in recruiting counsel. If plaintiff's claim survives any motion by defendants to dismiss his case for failure to exhaust his administrative remedies or if defendants do not file such a motion by the deadline for doing so, plaintiff is free to renew his motion after he shows that he has made reasonable

efforts to find a lawyer on his own. If plaintiff files any additional requests for counsel before that time, I will deny the motions without further comment.

ORDER

IT IS ORDERED that plaintiff Donta Jenkins's motions for assistance in recruiting counsel, dkt. #19 (in case no. 16-cv-684-bbc), and dkt. #20 (in case no. 16-cv-694-bbc), are DENIED.

Entered this 31st day of March, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge