IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                 Plaintiff,

    v.

CAPTAIN MILLER, J. GOUHDE,
LUCAS WEBBER. MICHEAL DITTMAN,
C/O S. TOBI, C/O JITTSWITTS,
C/O SWEENEY and LINDSEY WALKER,

                 Defendants.

OPINION AND ORDER

17-cv-25-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                 Plaintiff,

    v.

DR. SYED, D. VALERIOUS, NEWBURY, GOLDE,
KATHALEN, K. DEYOUN NC4, T. ANDERSON,
WALTERS, MTLORAE and C. WARNER,

                 Defendants.

OPINION AND ORDER

16-cv-694-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                 Plaintiff,

    v.

DR. FRISCH, DR. HUENKE and DR. NORGE,

                 Defendants.

OPINION AND ORDER

16-cv-684-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Donta Jenkins is proceeding these three cases on various claims relating to alleged violations of excessive force, unconstitutional conditions of confinement and inadequate medical care in violation of the Eighth Amendment and state law. Plaintiff

1

was represented by Attorney Lisa Goldman, who withdrew her representation of plaintiff in all three cases with the court's approval on November 21, 2017. Dkt. #30 in case no. 16-684; dkt. #31 in case no. 16-694; dkt. #32 in case no. 17-25. Now before the court in all three cases are plaintiff's motion for assistance in recruiting counsel, unopposed motion for a four-month extension of all pretrial deadlines and motion for a telephone status conference. Dkt. ##31, 32, 33 in case no. 16-684; dkt. ##32, 34, 35 in case no. 16-694; dkt. ##33, 34, 35 in case no. 17-25. For the reasons below, I am denying the motion for assistance in recruiting counsel without prejudice and granting the motions for an extension of time and a telephonic scheduling conference.

OPINION

A. Assistance in Recruiting Counsel

As the court explained to plaintiff when denying his earlier motions for assistance in recruiting counsel, a pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding lawyers to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him.

2

Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).  Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it.  Pruitt, 503 F.3d at 654-55.

In a text-only order entered in all three cases on November 21, 2017, Magistrate Judge Crocker found that plaintiff satisfied the first two requirements but explained that plaintiff must show why any or all of his cases exceed his ability to litigate them.  E.g., dkt. #30 in case no. 16-684.  In his motion, plaintiff states briefly that he is inexperienced and that an attorney would help him investigate, perform legal research, present evidence, question witnesses and hire an expert witness.  However, the question is not simply whether a lawyer might do a better job.  Court assistance in recruiting counsel is appropriate only when the plaintiff demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).  I have no basis for concluding that plaintiff's case is so complex or that his skills are so poor that I should recruit a lawyer for him at this time.

Although plaintiff is concerned with his limited experience and access to legal materials, his primary task at this stage is telling the court what happened, when, where and who was involved.  His efforts should focus on obtaining the evidence he needs to prove his claims, including collecting medical and other prison records, declarations from witnesses and any other relevant documents or evidence.  The Preliminary Pretrial Conference Order provides extensive information about how to conduct discovery and obtain evidence.

3

Plaintiff should review that order again and, if he is confused about how to obtain evidence, he should write a letter to defendants' counsel explaining precisely which documents or other evidence he wants to obtain. If he is still confused after conferring with defendant's counsel, he should contact the court for help. In deciding any future motion for summary judgment, the court will apply the appropriate law to the facts, even if plaintiff cannot find and provide the law on his own or does not understand how the law applies to his facts.

Accordingly, I am denying his motion without prejudice. If the issues involved in this case turn out to be more complicated than they appear right now, or if plaintiff is unable to proceed on his own as this case progresses, then plaintiff is free to renew his motion.

B.  Motions to Extend Deadlines and Set Status Conference

Plaintiff, with assistance from Attorney Goldman, has filed an unopposed motion seeking to extend the schedules in all three of his cases by four months to account for his anticipated time being held in detention facilities that do not have law libraries and where plaintiff does not currently have access to his case materials. In the November 2017 text only order, Magistrate Judge Crocker noted that plaintiff was back in the Eau Claire County Jail and was headed to the Milwaukee Detention Facility, where he was likely to remain until March 2018. The government stated at the hearing that it would not oppose an extension of the deadlines in plaintiff's cases. In light of the withdrawal of plaintiff's counsel and plaintiff's reincarceration, I will grant plaintiff's motion for extension of time and request for a telephonic status conference. I will direct the clerk of court to set a telephonic scheduling

conference before Magistrate Judge Crocker for the purpose of scheduling new pre-trial deadlines and trial dates in all three of plaintiff's cases.

ORDER

IT IS ORDERED that

1. Plaintiff Donta Jenkins's motion for assistance in recruiting counsel, dkt. #32 in case no. 16-684, dkt. #34 in case no. 16-694 and dkt. #34 in case no. 17-25, is DENIED without prejudice.

2. Plaintiff's unopposed motion for extension of time, dkt. #31 in case no. 16-684, dkt. #32 in case no. 16-694 and dkt. #33 in case no. 17-25, is GRANTED.

3. Plaintiff's request for a telephonic status hearing, dkt. #33 in case no. 16-684, dkt. #35 in case no. 16-694 and dkt. #35 in case no. 17-25, is GRANTED. The clerk of court is directed to set a joint telephonic scheduling conference in these three cases for the purpose of scheduling new pre-trial deadlines and trial dates.

Entered this 17th day of January, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge